James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 312-3300
jamie@finalverdictsolutions.com
Judgment Creditor and Assignee of Record

FILED
2022 JUL 28 PM 2:22
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTON EWING<br><br>        Plaintiff<br>    v.<br><br>JERROD ROBKER<br><br>        Defendant | No. 4:21-mc-00002<br><br>Honorable David Nuffer |

**JUDGMENT CREDITOR'S MOTION FOR CONTEMPT AGAINST DEFENDANT JERROD ROBKER**

Judgment Creditor and Assignee of Record, JAMES E. SHELTON, pro se (hereinafter "Judgment Creditor" or "Mr. Shelton"), hereby moves this Honorable Court for a finding of contempt of court and an award of contempt sanctions against Defendant/Judgment Debtor, Jerrod Robker, pursuant to Fed. R. Civ. P. 37:

1. Mr. Shelton is the Assignee of Record and Judgment Creditor in this matter by virtue of an Acknowledgement of Assignment of Judgment executed by the original judgment creditor, Anton Ewing (C.C.P. § 673)[1].

2. For the sake of brevity, Mr. Shelton will simply refer this Honorable Court to its own docket which reveals that the Court granted a Motion to Compel Post-Judgment

---

[1] *See* ECF No. 1, pgs. 3-4.

1

Discovery in favor of Mr. Shelton on January 4, 2022, ordering that Defendant, Mr. Jerrod Robker, respond to Mr. Shelton's post-judgment discovery requests within sixty (60) days of the entry of the Order[2]. *See* **Exhibit "1"**.

3. The Court warned: "*Failure for Defendant to comply with this order may result in an adjudication of contempt of court and imposition of sanctions.*" *See* **Exhibit "1"**, pg. 2.

4. On January 31, 2022, Mr. Shelton filed a Certificate of Service[3], reflecting that true and correct copies of the Court's Order Granting Motion to Compel were served upon Defendant Jerrod Robker via U.S. Priority Mail with tracking number 9505 5158 8221 2004 5585 88 and via Certified Mail, Return Receipt Requested, with tracking number: 7021 0350 0001 5007 8823, at his residential address, 4143 West 975 South, Cedar City, UT 84720.

5. According to the U.S. Postal Service's website, the Certified Mail was held at the Cedar City, UT 84720 post office at 5:03 PM on January 10, 2022 at the request of the customer. The Priority Mail was delivered to Defendant's mailbox on January 18, 2022 at 4:35 PM. *See* **Exhibit "2"**, a true and correct copy of Mr. Shelton's Certificate of Service and accompanying attachments (ECF No. 7).

6. Less than three (3) hours after receiving a copy of the Court's Order in the mail from Mr. Shelton, Defendant Mr. Robker sent a text message to Mr. Shelton at 7:32 PM Mountain time (9:32 PM Eastern time), writing:

    *"My ex keeps telling me you keep sending shit to her house She just keeps throwing it all away, apparently. This is me informing you that you're sending mail to the wrong address and you will never find my new address pedo faggot boy. New city, new life. Go play in traffic, faggot fuck. Never getting a dime from me. Mark my words. Later faggot."*

---

[2] *See* ECF No. 6.
[3] *See* ECF No. 7.

7. This text message proves that Mr. Robker has actual knowledge of the Court's Order, and is actively refusing to cooperate with the Court and Mr. Shelton. See *Declaration of James E. Shelton* attached hereto to this Motion as **Exhibit "3" (¶5)**. Mr. Shelton has also attached a true and correct copy of this text message as **Exhibit "4"** to this Motion (Decl. ¶6).

8. Defendant's deadline to comply with the Court's Order compelling discovery was sixty (60) days from January 4, 2022, which is March 5, 2022.

9. Defendant has not responded to the post-judgment discovery requests in any manner whatsoever.

10. The Court's Order compelling discovery has not been vacated or stayed, and remains in full force and effect as a valid Court Order.

11. On April 21, 2022 at 2:25 PM Mountain time (4:25 PM Eastern), Mr. Shelton reached out to Mr. Robker via text message to the same phone number he received Mr. Robker's vulgar text message on January 18, 2022 (435-263-1912). However, Mr. Shelton's messages would not deliver, presumably because Mr. Robker had blocked Mr. Shelton's number.

12. Prior to filing the instant motion, Mr. Shelton made reasonable efforts to resolve this discovery dispute by sending a letter to Defendant Jerrod Robker on May 4, 2022 via U.S. Priority Mail with tracking number 9505 5132 7476 2124 5313 41 (delivered May 7, 2022 at 1:04 PM). Mr. Shelton's letter again notified Defendant of the Court's January 4, 2022 Order compelling discovery. Mr. Shelton's letter requested to meet and confer regarding Defendant's outstanding and overdue discovery responses. Mr. Shelton warned Mr. Robker that he would seek the Court's intervention and seek monetary sanctions

3

and/or a finding of Contempt of Court against Mr. Robker if he failed to cooperate on or before May 16, 2022. *See* **Exhibit "5"**, a true and correct copy of Mr. Shelton's May 4, 2022 letter to Defendant, along with proof of delivery from the U.S. Postal Service's website.

13. On May 31, 2022, Mr. Shelton hired Constable Andre Brazzle, a Law Enforcement Officer with Brazzle Constable Service, LLC to personally serve true and correct copies of Mr. Shelton's May 4, 2022 letter and the Court's Order Granting Motion to Compel to Defendant.

14. On July 8, 2022, Constable Brazzle went to Mr. Robker's residential address of record, 4143 W. 975 S., Cedar City, UT 84720. There was no answer at the door, but the Defendant spoke with Constable Brazzle through a camera doorbell. Constable Brazzle identified himself, and asked if the individual he was speaking to was Jerrod Robker. The person identified himself as Jerrod and asked what Constable Brazzle needed. Constable Brazzle explained to Jerrod that he had some legal documents for him. Jerrod stated "you can just leave them by the door". Constable Brazzle took photos of the documents left. *See* **Exhibit "6"**, Affidavit of Service signed by Constable Brazzle attesting to the foregoing service upon the Defendant.

15. Defendant has still not responded to any of Mr. Shelton's post-judgment discovery requests whatsoever, as ordered by this Honorable Court on January 4, 2022.

16. In the absence of any responses to Mr. Shelton's post-judgment discovery requests, he cannot collect on the judgment. As such, Mr. Shelton respectfully requests that the Court hold Defendant Jerrod Robker in contempt, and issue whichever penalties it deems appropriate, including but not limited to, monetary sanctions (payable to Plaintiff).

17. This Court has broad discretion to impose an appropriate penalty for civil contempt. Accordingly, for the reasons set forth above and in Judgment Creditor's memorandum of law, this Court should schedule a contempt hearing, and instruct Defendant to appear at said hearing. If Defendant fails to appear, or otherwise appears but fails to show good cause for his failure to comply with this Court's prior Order, this Court should find Defendant in contempt of court, and issue a contempt sanction against Defendant Robker amount of $100.00 per day (payable to Plaintiff) for each and every day the contempt continues, until such time as the Defendant either pays the judgment in full or fully complies with the Court's prior Order dated January 4, 2022.

WHEREFORE, Judgment Creditor respectfully requests that this Honorable Court grant his Motion and hold Defendant Jerrod Robker in contempt, and issue whichever penalties it deems appropriate at the Court's discretion.

Dated: July 28, 2022    /s/ James E. Shelton
James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 312-3300
jamie@finalverdictsolutions.com
Judgment Creditor & Assignee of Record

James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 312-3300
jamie@finalverdictsolutions.com
Judgment Creditor and Assignee of Record

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTON EWING<br><br>　　　　Plaintiff<br>　v.<br><br>JERROD ROBKER<br><br>　　　　Defendant | No. 4:21-mc-00002<br><br>Honorable David Nuffer |

### MEMORANDUM OF LAW:

Judgment Creditor and Assignee of Record, James E. Shelton respectfully files this Memorandum of Law in support of his Motion for Contempt against Defendant Jerrod Robker for failure to comply with this Court's January 4, 2022 Order.

**I.　MATTER BEFORE THE COURT**

Judgment Creditor James E. Shelton's Motion to Hold Defendant Jerrod Robker in Contempt for Failure to Comply with this Court's January 4, 2022 Order Granting Motion to Compel.

**II.　STATEMENT OF QUESTION INVOLVED**

a. Should Defendant/Judgment Debtor, Jerrod Robker, be held in contempt of court for failure to comply with the Court's January 4, 2022 Order?

*Proposed Answer: YES*

6

    b.  Should Defendant/Judgment Debtor Jerrod Robker be sanctioned in the amount of $100.00 (payable to Plaintiff), or in an amount deemed just and appropriate under the circumstances at the discretion of the Court, for each and every day he remains in contempt of this court?

*Proposed Answer: YES*

### III.  LEGAL ARGUMENT

Under federal law, the court has inherent power to coerce compliance with its orders, sanction disobedient conduct, and vindicate its authority in the face of contumacious behavior[4]. Contempt is considered civil if the sanction imposed is designed primarily to coerce the contemnor into complying with the court's demands and criminal if its purpose is to punish the contemnor, vindicate the court's authority, or deter future misconduct.[5]

There is no question that Mr. Shelton can meet his burden here of establishing that Defendant is in contempt of this Honorable Court's January 4, 2022 Order. To prevail on a claim of civil contempt, Plaintiff "has the burden of proving, by clear and convincing evidence, (1) that a valid court order existed, (2) that Defendant had knowledge of the order, and (3) that Defendant disobeyed the order[6].

Here, all three (3) prongs are established and are not in dispute. ***First***, a valid Court Order was entered on January 4, 2022 requiring Defendant to cooperate with post-judgment discovery. This Court generously gave Defendant sixty (60) days to respond to the discovery, without objections, which is more than reasonable and was plenty of time for Defendant to comply.

---

[4] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991).
[5] *See United States v. Lippitt*, 180 F.3d 873, 876-77 (7th Cir. 1999) (citing *Hicks v. Feiock*, 485 U.S. 624, 631-32 (1988)). *See also Clearone Communications, Inc. v. Donald Bowers,* Case No. 2:07-CV-37-TC (D.Ut., Aug. 13. 2010)(Campbell, J.).
[6] *See Reliance Ins. Co. v. Mast Construc. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998); see also *In re Lucre Management Group, L.L.C.*, 365 F.3d 874, 875 (10th Cir. 2004); *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 84 F.3d 367, 371 (10th Cir. 1996).

*Second*, Defendant had, and continues to have, knowledge of this Order. Mr. Shelton has filed a Certificate of Service attesting that the Order was served to Defendant via U.S. Priority Mail, which was delivered to Mr. Robker's residence on January 18, 2022 at 4:35 PM[7]. In response to said delivery by the U.S. Postal Service, Defendant then demonstrated his actual knowledge of the Court's Order, contacting Mr. Shelton via text message at 7:32 PM Mountain time, less than three (3) hours after he received a copy of the Order in the mail[8]. Defendant subsequently received additional copies of the Court's Order from Mr. Shelton via U.S. Priority Mail in May and via delivery to his residence by a Constable on July 8. *Third*, and finally, Defendant has not complied, nor does he intend to comply, with the Court's Order. Mr. Robker made it clear in his text message to Mr. Shelton that he was not going to cooperate and was actively obstructing Mr. Shelton's collection efforts (Exhibit "4"). Defendant has not requested an extension of time to comply, and has not stated that he intends to cooperate, and has not indicated in any manner that he will comply in the future.

    A. **<u>Defendant's Contempt of this Court is Obvious and Consistent</u>**

Defendant does not respect this Court or the judicial process. After he received post-judgment discovery in the mail from Mr. Shelton on November 2, 2021, Mr. Robker texted Mr. Shelton his intention to not cooperate, and wrote, "tell the judge to suck my cock as well. Not. Getting. Shit"[9]. On December 29, 2021, Mr. Shelton filed a Motion to Compel, with notice served to Defendant[10]. On January 4, 2022, the Court granted Plaintiff's Motion to Compel Post-Judgment Discovery Responses. But true to his word, Mr. Robker has refused to satisfy the

---

[7] *See* ECF No. 7
[8] *See* Exhibit "4".
[9] *See* ECF No. 5-4.
[10] *See* ECF No. 5.

judgment, and also has not provided any discovery responses whatsoever. He has refused to cooperate before the Court entered an Order. He has now refused to comply, *after* the Court ordered him to do so.

Accordingly, there can be no dispute that all three (3) factors have been met, and Defendant Jerrod Robker is individually in contempt for willfully disobeying this Court's Order. Such conduct shows a willful disregard of this Court's process. It is respectfully submitted that an Order of Contempt against Defendant Jerrod Robker is warranted under the circumstances.

### B. <u>Contempt Sanctions</u>

In its January 4, 2022 Order, the Court warned Defendant, "***Failure for Defendant to comply with this order may result in an adjudication of contempt of court and imposition of sanctions***." Defendant was therefore warned by the Court, in no uncertain terms, that failure to comply with the Court's Order was not acceptable and brought potential consequences.

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command[11].

"Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: '(1) to compel or coerce obedience to a court order; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance.'"[12]

"Where the purpose of the sanction is 'coercive,' the court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of

---

[11] *See* 18 U.S.C. § 401(3)
[12] *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983))

9

any suggested sanction in bringing about the result desired."[13] Willfulness is not an element of contempt, nor does evidence of good faith bar a conclusion that a defendant acted in contempt.[14]

The Court has discretion to impose coercive sanctions. Coercive sanctions are "avoidable through obedience."[15] In other words, "the contemnor is afforded an opportunity to purge himself of contempt through compliance with the court order."[16]

C. **Requested Relief.**

Fed. R. Civ. P. 37(b)(2)(A) sets forth certain sanctions that the Court may order where a party fails to obey a discovery Order. These include:

(2) *Sanctions Sought in the District Where the Action Is Pending*.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The U.S. Supreme Court has found that a per diem fine imposed against a contemnor who "fails to comply with an affirmative court order" is an appropriate sanction in civil contempt proceedings[17]. The idea is to financially incentivize Defendant to cooperate with the Court's Order instead of engaging in obstructive behavior. In other words, as soon as Defendant fully complies with the Order or otherwise pays the judgment in full, the contempt fines cease.

---

[13] *See TFG-Michigan, L.P. v. Boersen Farms Grain*, et. al, Case No. 2:17-cv-00231-TS (D. Ut. Sept. 28, 2017)(Stewart, J.). Id. (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).
[14] *See Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3rd Cir. 1994).
[15] *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)
[16] *Int'l Union*, Id. at *829.
[17] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994); *see also Ross v. Jenkins*, 2018 WL 5775657 (D. Kan., May 23, 2018)

Plaintiff's goal in filing this motion is not to obtain an unjust enrichment. Plaintiff simply wants to ensure that he will be able to collect on his money judgment. Under these circumstances, a monetary sanction of $100.00 per day payable to Plaintiff until Defendant purges himself of contempt and/or satisfies the entire outstanding judgment would be warranted. See *CGC Holding Co., LLC v. Hutchens*, 780 Fed. Appx. 604, 2019 WL 2724333 (10th Cir. 2019)(affirming District Court's sanction of **$500.00 per day** for failure to comply with discovery order). See also *Chao v. Koresko*, 2005 WL 252188, at *7 (3rd Cir. 2005) (emphasis added) ("But the provision that Respondents cite speaks only to the authority of the Secretary of DOL to assess civil penalties against ERIAS plan administrators; nowhere does it evince an intent to limit a district court's discretion to fashion appropriate remedies in contempt proceedings. We conclude that the **$250 per day fine** imposed by the District Court in this case was well within the District Court's discretion."); *Shelton v. FCS Capital LLC*, et. al, 2020 U.S. Dist. LEXIS 128140 (E.D.Pa. July 21, 2020(District Court sanctioned Defendant **$100 per day** for failure to comply with post-judgment discovery order); *Schall v. Ronak Foods*, Case No. 2:19-cv-01463-JDW, (E.D.Pa 2020)(same); *In re Thomas*, 2000 WL 341020, at *5 (Bkrtcy. E.D.Pa 2000)(emphasis added) ("Until CLC purges itself of the contempt by paying the amounts required by the December 20 Order plus 10% interest from December 20, 2019 until the date of payment on the principal amounts of $3,750 and $1,250, a **fine of $100 per day** shall be imposed."); *Loftus v. Southeastern Pennsylvania Transp. Authority*, 8 F.Supp.2d 464, 466 (E.D.Pa1998)(emphasis added) (ordering attorney held in contempt to "pay to the Court **$100 per day** for each day he does not pay the sanctions…").

IV. **CONCLUSION**

This Court should not tolerate Defendant's flagrant refusal to comply with its prior Order compelling discovery. For the foregoing reasons, Mr. Shelton's Motion for Contempt should be GRANTED.

Dated: July 28, 2022
/s/ James E. Shelton
James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 312-3300
jamie@finalverdictsolutions.com
Judgment Creditor & Assignee of Record

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTON EWING<br><br>   Plaintiff<br>v.<br><br>JERROD ROBKER<br><br>   Defendant | No. 4:21-mc-00002<br><br>District Judge David Nuffer |

## CERTIFICATE OF SERVICE:

I hereby certify that on July 28, 2022, I served true and correct copies of the foregoing *Motion for Contempt against Defendant Jerrod Robker*, Memorandum of Law, and Exhibits 1-6 to Defendant via U.S. Priority Mail with tracking number 9505 5158 8221 2209 6224 28 and a U.S. Postal Service certificate of mailing, and via Certified Mail, Return Receipt Requested, with tracking number: 7019 2970 0000 5799 2410 addressed to the pro se Defendant as follows:

       JERROD ROBKER
       4143 West 975 South
       Cedar City, UT 84720

Dated: July 28, 2022

               _/s/ James E. Shelton_
               James E. Shelton
               316 Covered Bridge Road
               King of Prussia, PA 19406
               (484) 312-3300
               jamie@finalverdictsolutions.com
               Judgment Creditor & Assignee of Record



```
KING OF PRUSSIA
620 ALLENDALE RD STE 125
KING OF PRUSSIA, PA 19406-9990
(800)275-8777
07/28/2022                              03:51 PM
--------------------------------------------------
Product                 Qty    Unit      Price
                               Price
--------------------------------------------------
CTOM - Individual -      2               $3.50
Domestic

Priority Mail®           1               $8.95
Flat Rate Env
    Cedar City, UT 84720
    Flat Rate
    Expected Delivery Date
        Mon 08/01/2022
    Tracking #:
        9505 5158 8221 2209 6224 28
    Insurance                            $0.00
        Up to $100.00 included
Total                                    $8.95

First-Class Mail®        1               $2.88
Large Envelope
    Cedar City, UT 84720
    Weight: 0 lb 8.00 oz
    Estimated Delivery Date
        Tue 08/02/2022
    Certified Mail®                      $4.00
        Tracking #:
        70192970000057992410
    Return Receipt                       $3.25
        Tracking #:
        9590 9402 7596 2098 0792 19
Total                                   $10.13
--------------------------------------------------
Grand Total:                            $22.58
--------------------------------------------------
Credit Card Remitted                    $22.58
    Card Name: VISA
    Account #: XXXXXXXXXXXX4179
    Approval #: 03733C
    Transaction #: 499
    AID: A0000000031010         Chip
    AL: VISA CREDIT
    PIN: Not Required      CHASE VISA
```



